**Ziegler v. James Decrescenso Reporting Inc.**

*William F. Ochs,* for appellant.
*Amanda D. Saslow,* for appellee.

SPRECHER, *J.,* September 11, 2007—Appellant, Alan B. Ziegler, Esquire, appeals from this court's order of May 21, 2007 granting the preliminary objections of appellee, James Decrescenso Reporting LLC.

Appellant was sued in Philadelphia Municipal Court by appellee for alleged non-payment of court reporting fees generated in Philadelphia, Pennsylvania and the Philadelphia area. Neither party appealed. Subsequently, appellant filed a complaint in Berks County Magisterial District Court alleging the Philadelphia action filed by appellee was malicious and an abuse of civil process. The case before this court is his appeal from judgment entered by the magisterial district judge.

## FACTS

Appellant Ziegler commenced this matter on March 12, 2007 by filing a notice of appeal with the Berks County Prothonotary. On March 27, 2007, appellant filed a complaint in this matter. Appellee filed preliminary objections to appellant's complaint on April 18, 2007. On April 24, 2007, appellant filed preliminary

objections to appellee's preliminary objections to appellant's complaint (second set) and a praecipe for argument, requesting an argument court date of May 21, 2007.

On April 26, 2007, this court entered an order, submitted by appellee pursuant to B.R.C.P. 1028(c)(2)(a), in response to appellee's preliminary objections.[1] On May 11, 2007, appellant filed "objections to and answers to defendant's (appellee's) preliminary objections to plaintiff's (appellant's) complaint."

This court heard oral argument in the instant matter on May 21, 2007 and, following argument, entered an order sustaining appellee's preliminary objections and dismissing appellant's complaint with prejudice. Appellant appeals this order.

## ISSUES

Appellant's concise statement of errors complained of on appeal raises four issues:

(1) The lower court erred in failing to rule on "preliminary objections to defendant's preliminary objection to plaintiff's complaint."

(2) Assuming that the lower court for some reason would deny "preliminary objections to defendant's preliminary objection to plaintiff's complaint," the lower court erred in failing to follow the Berks County Rules of Court including but not limited to Berks County Rule

---

1. This court had not yet received appellant's second set of preliminary objections, filed on April 24, 2007.

211.1, 211.2, 211.3, 211.4 and 211.7 in not permitting appellant to file a responsive brief to appellee's preliminary objections and to have oral argument on "defendant's (appellee's) preliminary objections to plaintiff's (appellant's) complaint.

(3) The lower court erred in sustaining the "defendant's (appellee's) preliminary objections to plaintiff's (appellant's) complaint" with prejudice.

(4) The lower court abused its discretion in failing to grant appellant an opportunity to amend his complaint rather than dismissing his complaint with prejudice.

## DISCUSSION

### *Issue 1*

Appellant first claims this court committed error by failing to rule on his second set of preliminary objections. This court disagrees and asks the Superior Court to deny appellant's claim.

This court ruled on appellant's second set of preliminary objections when it sustained appellee's preliminary objections, thereby overruling appellant's preliminary objections. After hearing oral argument on appellant's second set of preliminary objections, it was determined that they were without merit. Appellant's sole objection was that appellee's preliminary objections, filed on April 18, 2007, were not timely filed because they were not filed within 20 days of when appellant filed his complaint on March 27, 2007. However, Pa.R.C.P. 1026(a) provides that "every pleading

subsequent to the complaint shall be filed within 20 days after *service* of the preceding pleading." (emphasis added) Appellant's complaint was served on March 30, 2007. Thus, as a cursory reading of the statute reveals, appellee timely filed its preliminary objections when it did so on April 18, 2007.

After determining appellant's preliminary objections were without merit, this court "proceed[ed] with the consideration and disposition of the first set of preliminary objections . . . immediately after the conclusion of argument of the second set of preliminary objections." B.R.C.P. 1028(c)(8). This court chose to dispose of appellant's second set of preliminary objections by sustaining appellee's preliminary objections and dismissing appellant's complaint with prejudice. This court thus did not err by failing to rule on appellant's preliminary objections and asks the Superior Court to deny appellant's claim.

## *Issue 2*

Appellant's second claim on appeal is that this court erred in failing to follow the Berks County Argument Court rules, including but not limited to B.R.C.P. 211.1, 211.2, 211.3, 211.4 and 211.7, in not permitting appellant to file a responsive brief to appellee's preliminary objections or to have oral argument on these objections.

Initially, this court notes that responsibility for following these rules does not rest with this court. Instead this responsibility lies with the parties to an action. With the exception of cases where a court specially orders a case

for argument under B.R.C.P. 211.2(f), which was not done in this case, enforcement of the parties' compliance with the rules for argument court rests primarily with the Berks County Prothonotary and Berks County Court Administrator. B.R.C.P. 211.2(h); 211.5(b). After appellant filed a praecipe for argument requesting argument be held on May 21, 2007, the Berks County Prothonotary placed appellant's second set of preliminary objections on the argument list for that date. Appellant appeared and argued on May 21, 2007. Accordingly, Berks County Argument Court rules were followed in this case.

Appellant claims this court did not permit him to file a responsive brief to defendant's preliminary objections. In fact, this court *ordered* appellant to do so. On April 26, 2007, this court entered an order, pursuant to B.R.C.P. 1028(c)(2)(a), which provided that if appellant opposed appellee's preliminary objections, he "shall file with the prothonotary an original and one copy of a brief of argument . . . no longer than 20 days after the dates listed on the proof of service accompanying the brief of the party which filed the preliminary objections." Appellee served its brief on April 17, 2007, thus appellant had until May 7, 2007 to file a brief. Appellant failed to do so. The order of April 26, 2007 further provided that the party which filed the preliminary objections (appellee) "shall serve notice of the entry of this order . . . upon all counsel . . . no later than two business days after receiving a copy of this order." Appellee served a copy of the order upon appellant's counsel on May 1, 2007. Appellant thus had six days to either comply with the order or request an extension

of time for filing his brief under B.R.C.P. 211.5.[2] Appellant chose to do neither. In light of these facts, this court did not, in any way, prevent appellant from having an opportunity to file a brief responding to appellee's preliminary objections.

Appellant further alleges that this court did not permit appellant to have oral argument on appellee's preliminary objections to his complaint. This is simply not the case. B.R.C.P. 1028(c)(8) provides that where a second set of preliminary objections have been filed, argument on the first set of preliminary objections will be held on the same date as argument for the second set. Appellant filed a praecipe for argument on April 24, 2007, which requested an argument court date of May 21, 2007. In the April 26, 2007 order, this court set argument on appellee's preliminary objections for May 21, 2007.[3] Because this court hears many such arguments and because these arguments are generally not on the record, this court is unable to recall whether appellant actually argued against appellee's preliminary objections. However, this court believes that it dealt with arguments regarding both parties' preliminary objections on May 21, 2007 and that both parties had ample opportunity to argue and did so.

---

2. Appellant acknowledged receiving this order on May 1, 2007. See appellant's "objections to and answers to defendant's preliminary objections to plaintiff's complaint," at 1.

3. The order provided for argument on appellee's preliminary objections "on an argument court date next following the expiration of 24 days from the date of such filing." This filing was on April 17, 2007 and the next available argument court date following the expiration of 24 days was May 21, 2007.

## *Issues 3 and 4*

Appellant's third and fourth issues are related and will be considered together. In his third issue appellant alleges that this court erred in sustaining the appellee's preliminary objections to his complaint with prejudice. Appellant's final error complained of is that this court abused its discretion in failing to grant appellant an opportunity to amend his complaint rather than dismissing it with prejudice.

This court sustained appellee's preliminary objections because appellant's complaint is legally insufficient. See Pa.R.C.P. 1028(a)(6). Appellant's first claim in his complaint is apparently that by simply bringing an action, appellee committed the tort of wrongful use of civil proceedings.[4] A person is liable for this tort if he participates "in the procurement, initiation, or continuation of civil proceedings" and acts:

"(1) in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing ... adjudication of the claim in which the proceeding is based; and

"(2) the proceedings have terminated in favor of the person against whom they are brought." 42 Pa.C.S. §8351(a).

In support of this claim, appellant alleges appellee was grossly negligent in bringing its suit against him in Philadelphia Municipal Court. Gross negligence is de-

---

4. This is apparently appellant's claim as he claims appellee committed elements of this offense without stating a specific cause of action or citing any statute or case law.

fined as "the want of even scant care." *Ratti v. Wheeling Pittsburgh Steel Corp.,* 758 A.2d 695, 704 (Pa. Super. 2000). However, appellant fails to allege any facts that support gross negligence.

Appellant brought this action in the Court of Common Pleas of Berks County on March 27, 2007. In that action, appellee sued to collect a debt for a contract entered into for appellant's purchase of copies of the notes of testimony of depositions. (See appellant's complaint, at 7-9.) It is obvious to this court that appellant entered into the contract by ordering the transcripts. Although appellant claims he was not assuming the debt of his client, nowhere in his complaint does appellant claim that his client actually entered into the contract in his place. The common practice for ordering transcripts is for the attorney to enter into the contract by either advancing the costs of deposition for his client and collecting later, or collecting the costs from his client in advance of or contemporaneously with his entering into the contract. There would be no reason for the client himself to order a transcript unless he was proceeding pro se. Appellant further pleads that appellee was hired for stenographic services by opposing counsel in the underlying worker's compensation case. (See appellant's brief, at 6.) This allegation gives full support to appellee's claim that the transcription services were performed in the worker's compensation case and that if appellant wanted to prepare properly in that case he would have to order a transcription of the record from appellee. Accordingly, there is nothing approaching gross negligence in this case.

Also in support of his apparent wrongful use claim, appellant alleges that appellee acted without probable

cause in bringing suit. A person has probable cause and is thus not liable for wrongful use of civil proceedings if the person:

"(1) Reasonably believes that under those facts the claim may be valid under the existing or developing law;

"(2) Believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or

"(3) Believes as an attorney of record, in good faith that his procurement, initiation, or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party." 42 Pa.C.S. §8352.

Appellant has not pled sufficient facts to support his allegation that defendant did not have probable cause to bring the action in Philadelphia Municipal Court. It appears that appellee had a reasonable belief that the suit for non-payment was a valid claim and thus brought suit for legitimate purposes. Appellant does not and apparently cannot support a wrongful use of civil proceedings claim.

Appellant has also failed to plead sufficient facts to support the required wrongful use element that appellee's suit was for any purpose other than the adjudication of its claim for monies due for the court transcription services it provided. Pa.R.C.P. 8351(a).

Furthermore, for appellant to be successful in this claim he must show that the proceedings have "terminated in favor of the person against whom they are brought." 42 Pa.C.S. §8351(a). Appellant failed to attach

any writing supporting his claim that the action in Philadelphia Municipal Court terminated in his favor. See Pa.R.C.P. 1019(1). Accordingly, his claim fails to conform to "law or rule of court." Pa.R.C.P. 1028(a)(2). For these reasons, appellant's claims regarding any wrongful use claim are legally insufficient. See Pa.R.C.P. 1028(a)(4).

Due to the vagueness of appellant's complaint, he may also be alleging that appellee committed the common-law tort of abuse of process. To establish a claim for abuse of process, it must be shown that a defendant has "(1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Cruz v. Princeton Insurance Company,* 925 A.2d 853, 856 (Pa. Super. 2007) (quoting *Werner v. Plater-Zyberk,* 799 A.2d 776, 785 (Pa. Super. 2002)). As noted above in regard to wrongful use of civil proceedings, appellant has not alleged any facts showing that appellee brought suit for any reason other than for remuneration of monies to which appellee was entitled. Accordingly, any claim of appellant's based upon a legal theory of common-law abuse of process is also legally insufficient.

Likewise, in his complaint, appellant claims he is entitled to punitive damages. However, appellant fails to even allege outrageous behavior, a required element to support an action for punitive damages, and any facts showing he is entitled to punitive damages. *Pestco Inc. v. Associated Products Inc.,* 880 A.2d 700, 709 (Pa. Super. 2005). This claim then too is legally insufficient.

Even if appellant's complaint was legally sufficient it is wanting of specificity in many areas. See Pa.R.C.P.

1028(a)(3). As appellee's preliminary objections detail, appellant's complaint fails to set forth any allegations of fact that form the basis of his claims that appellee acted in a grossly negligent manner, acted without probable cause, and/or acted primarily for a purpose other than adjudication of the underlying claim. Appellant also does not allege facts or law in support of his claim for costs of suit and interest. (See defendant's preliminary objections to plaintiff's complaint, ¶42.)

Due to these compounded inadequacies, this court sustained appellee's preliminary objections and dismissed appellant's complaint with prejudice.

This court finds it troubling that appellant, who is an attorney, surrendered to the jurisdiction of Philadelphia County for an action filed in Philadelphia Municipal Court and then, for some reason, filed his claim for malicious prosecution/abuse of civil process before a magisterial district judge in Berks County. Having lost in this matter, appellant then filed an appeal in the Court of Common Pleas of Berks County. Appellee's affidavit of April 17, 2007 supports appellee's claim that the underlying cause of action, the three depositions, occurred in Philadelphia and Montgomery Counties, not in Berks County. This court questions which party is actually wrongfully using or abusing civil process and the court system: One who sues to collect for services rendered for transcription services provided or one who voluntarily submitted to the jurisdiction of Philadelphia County and then files an alleged related action before a district judge in Berks County, his home county. It's certainly very inconvenient and expensive for appellee to travel to Berks County to defend this action. Obvi-

ously appellant picked his home county to file this action because of the convenience of walking down the street to the Berks County Courthouse to prosecute his claim.

In his final claim on appeal, appellant alleges this court abused its discretion in failing to grant him the opportunity to amend his complaint. A court abuses its discretion only if "it misapplies the law, exercises its discretion in a manner lacking reason, or does not follow legal procedure." *Continental Casualty Co. v. Pro Machine,* 916 A.2d 1111, 1116 (Pa. Super. 2007).

After appellee filed preliminary objections, appellant had the right to correct any errors in his complaint that appellee had identified by filing an amended complaint. Pa.R.C.P. 1028(c)(1). Appellant chose not to do so. This court was under no obligation to allow appellant to submit an amended complaint. For the reasons stated, this court believes the proper resolution of a frivolous lawsuit is dismissal with prejudice.

In conclusion, appellant's complaint is without merit, legally insufficient, lacking sufficient specificity, and fails to conform to a rule of law or court. As such, appellant's complaint had "no basis in law or fact," and was thus frivolous. *Menna v. St. Agnes Medical Center,* 456 Pa. Super. 301, 310, 690 A.2d 299, 304 (1997). (citation omitted) This court believes it did not abuse its discretion by sustaining appellee's preliminary objections and dismissing appellant's complaint with prejudice.

For the foregoing reasons, this court respectfully requests that the Superior Court deny appellant's appeal and affirm this court's order of May 21, 2007.